# Pennsylvania Railroad Company v. Kentucky Public Elevator Company.

(Decided December 7, 1926.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

1. Warehousemen—Evidence Held to Sustain Finding of Contract Lien for Storage of Tank Cars.—Evidence held sufficient to sustain finding of existence of contract lien of company storing tank cars.

2. Corporations—Objection that Elevator Company's Contract Lien for Storage of Tank Cars was Ultra Vires Cannot be Raised by Unsecured Subsequent Creditor.—Question whether contract for storage of tank cars by elevator company, giving it a lien for storage was ultra vires, might not be raised by one becoming unsecured creditor many years later; especially where cars were not fit for transportation and storage was cheaper than demurrage.

HUMPHREY, CRAWFORD & MIDDLETON and J. DONALD DINNING for appellant.

MATT O'DOHERTY and B. O. KEARNEY for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

In the fall of 1921, the Kentucky Tank Line placed eleven of its cars in storage with the Kentucky Public Elevator Company. Early in 1924, the Pennsylvania Railroad Company brought suit against the Kentucky Tank Line to recover on a claim of $895.95 for transportation. Judgment was recovered on February 2, 1924, and on November 5, 1924, an execution that issued on the judgment was levied on the tank cars then in possession of the elevator company. On November 8, 1924, the elevator company sued the Kentucky Tank Line to recover storage in the sum of $2,090.00 and to enforce its lien on the tank cars then in its possession. The railroad company was made a party defendant and set up its lien under the execution. Issue was joined, and on final hearing the elevator company was adjudged a prior lien on the property. The railroad company appeals.

Appellant's first contention is that appellee had no common law lien and that the evidence was not sufficient to show a contract lien. It is true that the testimony of one of the witnesses as to the terms of the contract is not altogether consistent, and that he was examined three

times before he stated facts showing a contract lien, yet as his evidence is corroborated by that of the other witness on the question, and there was no evidence to the contrary, we are inclined to agree with the chancellor that the evidence was sufficient to show a contract lien.

Appellant's main insistence is that as appellee was authorized by its charter to store grain only, the contract for the storage of tank cars was *ultra vires* and appellant had the right to raise the question. On the other hand, appellee insists that only the state, stockholders of the corporation or creditors may challenge the validity of an *ultra vires* act. On this phase of the case we have been furnished with excellent briefs bearing evidence of wide research and evincing a thorough understanding of the distinctions made by the authorities. It may be conceded that the right to complain of an *ultra vires* act is not always confined to the state, the stockholders of the corporation and creditors, but may sometimes be exercised by third persons whose rights are injuriously affected by the *ultra vires* act. A case in point is Kentucky Heating Company v. Louisville Gas Company, 23 Ky. Law Rep. 730, 63 S. W. 751, where it was held that appellant did not have the right under its charter to sell artificial gas alone, or in mixture with natural gas for purposes of illumination, and that appellee, whose exclusive privilege was thereby violated, had a right to complain, and was entitled to an injunction. Another case is Citizens' Gas-Light Company v. Louisville Gas Company, 81 Ky. 263. There appellant claimed the exclusive right under its charter to manufacture and sell gas in Louisville, while appellee asserted the same right under an unconstitutional act. It was held that appellee's assertion of an exclusive right under an unconstitutional act put appellant's right under a cloud and prevented it from disposing of its stock to raise means to carry on its business, and that appellant was entitled to an injunction restraining appellee from setting up its exclusive right. Still another case is Louisville & T. Turnpike Road Company v. Boss, et al., 44 S. W. 981, 19 Kentucky Law Rep. 1954. In that case the charter of the turnpike company authorized it to collect tolls, but provided that it should not exact any toll from any person living in Jeffersontown. It was held that Boss and other citizens of Jeffersontown could restrain the collection of tolls. The difference between those cases and the case at

bar is this: In the former, the complaining parties all had existing rights that were injuriously affected by the *ultra vires* acts, while appellant had no rights whatever in the tank cars when they were stored, and did not become a creditor until many years later. It is generally held that the validity of an *ultra vires* transaction can not be questioned by an unsecured creditor whose rights accrued subsequently, and particularly where he had notice of the transaction. Allis v. Jones, 45 Fed. 148; Wilson v. Mechanical Orguinette Co., 57 App. Div. 158, 68 N. Y. Supp. 173; Beach v. Wakefield, 107 Iowa, 567, 76 N. W. 688, 78 N. W. 197. Aside from this, the circumstances under which the cars were stored with the elevator company must not be overlooked. The Kentucky Tank Line was in financial straits. The eleven cars were in bad condition and no longer fit for transportation. They were in possession of the Louisville & Nashville Railroad Company, and the demurrage charge was a dollar a day on each car. It was necessary to pay this charge or find cheaper storage. Confronted by this situation the tank line applied to the elevator company and an arrangement was made by which the cars were to be stored at the rate of $5.00 a month for each car. As the assets against which appellant asserted its lien were thus preserved at a much smaller expense than if they had been left with the railroad company, it is not perceived how appellant's rights were in anywise affected by the *ultra vires* act. We are therefore constrained to hold that the chancellor did not err in adjudging appellee a superior lien on the property.

Judgment affirmed.